SOUTHEASTERN DRYWALL, INC. v. YEARGIN CONSTRUCTION COMPANY, INC.

No. 7526SC6

(Filed 7 May 1975)

1. Contracts § 21— building contract — failure to pay installment — substantial breach

Failure to pay an installment of the contract price as provided in a building or construction contract is a substantial breach of the contract and gives the contractor the right to consider the contract at an end and to discontinue work.

2. Contracts § 23— waiver of breach

Strict performance of a contract by one party may be waived by the other party.

3. Contracts § 23— refusal to perform — waiver of objections

Where a party to a contract bases his refusal to fulfill the contract on a particular ground, clearly and deliberately stated, all other objections are deemed waived.

4. Contracts § 27— breach of contract — insufficiency of court's findings

In an action for breach of a drywall construction subcontract, the findings of fact were not dispositive of the issues raised by the pleadings and evidence and did not support the court's conclusions of law where the court determined that defendant breached the subcontract by failing to pay an invoice the month after it was submitted and by withholding from its payment an amount paid for work done by another drywall company, but the court failed to make findings as to the requirements for payment under the subcontract, the identity of the claims comprising the sum the court found to be due, whether plaintiff acquiesced in the delay of payment, whether plaintiff waived objection to any failure to make timely payment by basing its claim solely on the withholding of a sum from the payment, and whether defendant's withholding of a sum from the payment was a substantial default justifying rescission by plaintiff.

APPEAL by defendant from *Webb, Judge.* Judgment entered 12 August 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 March 1975.

It is alleged that on 19 April 1972, plaintiff, as subcontractor, entered into a contract with defendant, as general contractor, for the installation of all the drywall in a residential complex identified as Sir John's Hill Condominiums. The total contract price for the drywall installation was $90,451.00.

Plaintiff's evidence tends to show that plaintiff began work under the contract during the month of June or July 1972. Plaintiff's "Invoice No: one" was dated 23 August 1972, showing a net payment due of $14,050.50. Payment of this invoice by defendant was received by plaintiff on 14 September 1972. Plaintiff's "Invoice No: two" was dated 15 September 1972, showing a net payment due of $3,697.50. Payment of this invoice by defendant was received by plaintiff on 18 October 1972. Plaintiff's "Invoice No: three" was dated 18 October 1972, showing a net payment due of $3,961.00. Of this amount plaintiff concedes that $510.00 had been previously paid. This leaves the net amount properly claimed by plaintiff to be due in the sum of $3,451.00. Payment on this invoice by defendant in the sum of $2,396.38 was received by plaintiff on 12 December 1972. The difference of $1,054.62 was withheld by defendant as a "backcharge" against plaintiff because of payment of this sum by defendant to another drywall contractor for work done on the drywall installation for the defendant while plaintiff's workmen were not on the project. By letter dated 27 November 1972, defendant advised plaintiff as follows: "This letter is to advise that after repeated efforts to obtain sufficient support from Southeastern Drywall, Yeargin Construction Co. is proceeding to furnish necessary support from a Greenville Drywall Contractor to complete the first 19 units on Sir John's Hill Project in Charlotte, N. C. The costs incurred by Yeargin Construction Co. will be deducted by Yeargin Construction Co. from the contract amount, including necessary room and board."

After a stoppage of work around Thanksgiving 1972, plaintiff's workmen continued working until about noon of 12 December 1972, at which time they "walked off" the job. After plaintiff received the payment on 12 December 1972, from which the $1,054.62 had been withheld, it notified defendant by letter dated 12 December 1972, mailed 13 December 1972, that it elected to rescind the contract. By letter dated 13 December 1972, defendant advised plaintiff as follows: "Due to your consistent failure to adequately man the Sir John's Hill project; and have failed to have anyone on site since Monday, December 11, 1972; this

will serve as your formal notice that three (3) days from this date and in accordance with Section # 7 of our Subcontract Agreement # 12440037, we will bring in other forces to assume control of your work. All cost will be for your account in accordance with Section # 7."

There was considerable testimony from plaintiff's witnesses that defendant delayed plaintiff's workmen, that defendant continually demanded that work be redone, and that plaintiff's work was all done in an acceptable and workmanlike manner. There was considerable testimony from defendant's witnesses that plaintiff did not keep workmen on the job, did not adequately supervise the workmen's work, and that plaintiff's failure to adequately pursue its duties caused defendant's project to fall behind the completion schedule. However, we think that specific reference to this evidence is not pertinent to a disposition of this appeal.

Plaintiff instituted this action on 19 July 1973. Defendant filed an answer and counterclaim on 12 October 1973. On 14 June 1974 defendant moved for permission to file an amendment to its counterclaim upon the grounds that at the time of filing its original counterclaim, the Sir John's Hill project had not been completed, and it did not have available the full cost of completing plaintiff's work. The motion was allowed, and defendant sought damages against plaintiff in the sum of $100,000.00.

The trial judge, sitting without a jury, made findings of fact and conclusions of law and entered judgment that plaintiff recover from defendant the sum of $8,818.23. The judgment also dismissed defendant's counterclaim. Defendant appealed.

*Joe T. Millsaps, for the plaintiff.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage and William P. Farthing, Jr., for the defendant.*

BROCK, Chief Judge.

The principles of law, reason, and logic which seem applicable to this appeal may be stated briefly.

[1-3]  The failure to pay an installment of the contract price as provided in a building or construction contract is a substan-

tial breach of the contract and gives the contractor the right to consider the contract at an end and to discontinue work. 13 Am. Jur. 2d *Building and Construction Contracts* § 102 (1964). Strict performance of a contract by one party may be waived by the other party, in which case there is, to the extent of the waiver, no right to damages for the failure to perform strictly. 17 Am. Jur. 2d *Contracts* § 390 (1964). Where a party to a contract refuses to fulfil it and bases his refusal on a particular ground, clearly and deliberately stated, all other objections are deemed waived. 17 Am. Jur. 2d *Contracts* § 390 (1964).

In this case the trial judge made findings of facts and conclusions of law as follows:

"1. That the Plaintiff and the Defendant entered into a contract or (sic) or about the 19th day of April, 1972.

"2. That Plaintiff had men available to work during the month of June and July and that during the last week in July and throughout the month of August and thereafter, Plaintiff diligently executed its part of the contract.

"3. That after paying Plaintiff's statement for August, 1972, in September, 1972, and after paying Plaintiff's statement for September in October, 1972, the Defendant failed to make the third monthly payment in November when, in the course of dealings, it would have been due, and finally made a partial payment which was received by the Plaintiff on December 12, 1972, the Defendant having deducted, without good and sufficient provocation, the sum of $1,054.62.

"4. That the Plaintiff received a partial payment of its October 18, 1972, billing on December 12, 1972, and upon receipt of that partial payment, the Plaintiff immediately notified the Defendant that the Defendant had breached its contract and that the Plaintiff would no longer continue to work for the Defendant.

"5. That on December 12, 1972, Plaintiff had a full crew of men on the job and were working in Building # 11 when the representative of Yeargin Construction Company advised Plaintiff to terminate work in Building # 11 because the roof would have to be removed and corrected and at least a part of the drywall work would have to be redone as a result of the removal of that roof.

"6. That at the time of the breach of the contract by the Defendant Corporation, the Defendant Corporation was justly indebted to the Plaintiff in the sum of $8,818.23.

"Now, THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACTS, THE COURT CONCLUDES AS A MATTER OF LAW:

"1. That the Defendant Corporation breached the contract of April 19, 1972, by failing to remit to Plaintiff the full amount of its October 18, 1972, invoice in the normal course of business during the month of November, 1972.

"2. That the Defendant Corporation further breached its contract with Plaintiff Corporation by failure to remit the entire sums due under the October 18, 1972, billing and by 'back charging' to Plaintiff the sum of $1,054.62, which had been arbitrarily and without just cause, paid to a South Carolina drywall contractor called in to work on Thanksgiving Day, 1972, a legal holiday.

"3. That the Plaintiff Corporation was justified in walking off the job as of December 12, 1972, and suing for damages.

"4. That by breaching its contract, Defendant lost all entitlement to benefits under the contract."

[4]   The above findings of fact are not dispositive of the issues raised by the pleadings and the evidence.

Finding number 1. identifies neither the nature nor the provisions of the contract which the court found the parties had entered into. It may be reasonable for us to assume that the judgment refers to the contract which was allowed in evidence as plaintiff's exhibit No. 1. However, the judgment with this indefinite finding number 1. would always be open to question.

Finding number 2. identifies neither the work plaintiff had men available for nor plaintiff's duties under the contract.

Finding number 3. does not determine the requirement for payments under the contract.

Finding number 6. does not identify the claims comprising the sum of $8,818.23. It seems that the only item which the court found to be delinquent was the sum of $1,054.62 withheld from the payment received by plaintiff on 12 December 1972.

Southeastern Drywall, Inc. v. Construction Co.

The first conclusion of law by the trial court is not supported by the findings of fact.

There was no finding of a contractual provision requiring defendant to pay the 18 October 1972 invoice in November 1972. Further, the findings of fact disclose that plaintiff continued to work until 12 December 1972, which conduct would seem to acquiesce in the delay and to waive payment in November, if such were required by contract. Additionally, plaintiff has clearly and deliberately based its refusal to perform after 12 December 1972 upon its objection to defendant's withholding the sum of $1,054.62 from the payment received on 12 December 1972. In its complaint plaintiff alleged the grounds for its election to rescind in the following language:

"5. That on or about the 12th day of December, 1972, Defendant failed and refused to pay sums then due and properly billed to Defendant by Plaintiff.

"6. Upon the failure of Defendant to honor Plaintiff's statement for payment, Plaintiff elected to rescind the contract due to the breach of the Defendant."

Strict performance of a contract by one party may be waived by the other party, in which case there is, to the extent of the waiver, no right to damages for the failure to perform strictly. 17 Am. Jur. 2d *Contracts* § 390 (1964). Where a party to a contract refuses to fulfil it and bases his refusal on a particular ground, clearly and deliberately stated, all other objections are deemed waived. 17 Am. Jur. 2d *Contracts* § 390 (1964).

The second conclusion of law by the trial court is not supported by the findings of fact. There is no finding of fact to indicate that the withholding by defendant of the sum of $1,054.62 from its payment made to plaintiff on 12 December 1972 was in violation of a contractual obligation.

Although there may be a dispute between plaintiff and defendant over whether defendant improperly withheld $1,054.62 from the 12 December 1972 payment, there is no finding that this partial performance was a substantial default. It seems clear that before rescission is justified for failure to strictly perform, it must be shown that the default was substantial. *See* 13 Am. Jur. 2d *Building and Construction Contracts* § 101 (1964). There was no finding of fact by the trial judge to support a conclusion that defendant's conduct in withholding the

$1,054.62 from the 12 December 1972 payment was a substantial default, justifying rescission by the plaintiff.

Because the findings of fact are not dispositive of the issues raised by the pleadings and the evidence, and because the findings of fact do not support the conclusions of law, the judgment appealed from must be reversed and a new trial ordered.

Reversed and remanded.

Judges PARKER and ARNOLD concur.